IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

VERNON H. THREADGILL, # 13351                                              PLAINTIFF

VERSUS                                             CIVIL ACTION NO.  2:05cv24-MTP

CHRISTOPHER B. EPPS, ET AL.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants' motion for summary judgment [49] and for

*sua sponte* evaluation of dismissal under 28 U.S.C. § 1915(e)(2).  Having reviewed the

submissions of the parties, the entire record in this case and the applicable law, for the reasons

set forth below the court finds that the motion is well-taken and should be granted and, further,

that based on its *sua sponte* evaluation of plaintiff's complaint, that all of plaintiff's claims

against defendants should be dismissed with prejudice.[1]

Factual Background

Plaintiff Vernon H. Threadgill filed suit *pro se* on January 20, 2005, pursuant to 42

U.S.C. § 1983.  In his complaint, plaintiff asserts that he received inadequate medical care while

an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI").

Specifically, plaintiff alleges that he suffers from a chronic eye condition - sensitivity to light and

legal blindness - and that he is being denied various "low vision aids."  He alleges that a

magnifying glass that had been prescribed to him by an optometrist at University of Mississippi

Medical Center in Jackson ("UMMC") while he was incarcerated at the Mississippi State

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge
having entered an Order of Reference [37], the court is authorized to enter final judgment pursuant
to Fed. R. Civ. P. 73 and Local Rule 73.1.

1

Penitentiary in Parchman, Mississippi ("Parchman") was confiscated upon his arrival at SMCI and has not been returned to him.[2]  Plaintiff also claims that he has being discriminated against on the basis of his disability, in violation of the Americans with Disabilities Act and the Rehabilitation Act.  Plaintiff seeks various forms of injunctive relief as well as punitive damages.

<u>Summary Judgment Standard</u>

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof."  *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact."  *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).   If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must  "draw

---

[2] Plaintiff was incarcerated at Parchman until he was transferred to SMCI on approximately April 29, 2004.  Plaintiff remained at SMCI until approximately January 28, 2008, and is currently incarcerated at Central Mississippi Correctional Facility in Pearl, Mississippi.

inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

<u>Analysis</u>

<u>Medical Treatment Claim</u>

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). An official acts with deliberate indifference only when he or she knows of and disregards an excessive risk to a prisoner's health or safety. *Harris v. Hegmann*, 198 F.3d 153,

3

159 (5th Cir. 1999) (citations omitted).  To successfully make out a showing of deliberate indifference, plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756).  "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Davidson*, 91 Fed. Appx. at 965 (*citing Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). Additionally, a prisoner's mere disagreement with the treatment he received will not stand as a basis for § 1983 liability, absent extraordinary circumstances.  *Id.* (*citing Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)).

A review of plaintiff's medical records reveals the following:  that on May 1, 2004, approximately two days after his arrival at SMCI, plaintiff was seen by a doctor and was put on a list to see an optometrist for an eye exam.  Thereafter, plaintiff apparently submitted a sick call request on May 11, and was seen again that day by a doctor, who indicated that petitioner had been referred to an optometrist.  On June 9, 2004, petitioner was seen by an optometrist, who issued a prescription for glasses and indicated that routine yearly follow up would be appropriate. On July 10, 2004, plaintiff submitted another request for medical services, and was seen by a member of the medical staff on July 13, 2004.  Two days later, a Medical Follow-Up Form was sent to the unit administrator/security, indicating that plaintiff needed to wear his shades all the time because of his eye condition.  On August 10, 2004, plaintiff requested medical services, complaining that he needed a low vision aid and that he was having severe pain in his eyes due to the bright lights.  The doctor who saw him determined that an eye exam should be scheduled and

he should be referred to an optometrist if necessary.  Plaintiff had an eye exam on August 11, 2004, and was seen by an optometrist on August 19, 2004.  The optometrist indicated that plaintiff should continue to wear dark glasses and use a magnifier, and recommended that plaintiff receive follow-up care in six months.  A Medical Follow-Up Form was issued to the unit administrator stating that plaintiff was legally blind and could use a magnifying glass.

Plaintiff submitted another request for medical services on January 1, 2005, and he was referred to the optometrist who saw him on January 13, 2005, prescribed him with glasses and indicated that he should return for "routine" follow-up in six months.  The instant lawsuit was filed on January 20, 2005.  On June 15, 2005, plaintiff submitted another "emergency" request for medical services, complaining of pain in his eyes.  He was seen by a nurse that day and referred to a provider.  The following day, plaintiff was examined by the optometrist and was given another prescription for lenses.  Plaintiff was seen again by the optometrist on December 15, 2005.  Thereafter, throughout 2006 and 2007, plaintiff was seen by doctors (including the optometrist) for his eye condition on at least seven occasions.

In support of their motion for summary judgment, defendants have submitted an affidavit from the Chief Medical Officer of the Mississippi Department of Corrections ("MDOC"), Dr. Kentrell M. Liddell, who, based on her review of plaintiff's medical records, finds that he has been diagnosed with macular degeneration and photophobia, that he has been classified as legally blind, and that he has been treated for these conditions since his incarceration.  Dr. Liddell avers that plaintiff has been seen and treated every six months and no less than every year; that he has been prescribed a magnifier and solar lenses, that as recently as January 25, 2007, he was given a prescription for solar lenses and on July 12, 2007 he was given new eyeglasses; and that he will

5

continue to be seen by the medical staff and treated appropriately for his condition.  *See* Liddell

Affidavit with attached medical records of plaintiff (Exhibit A to motion for summary judgment).

Plaintiff has not rebutted these averments in his response to the motion for summary judgment.

Based on the foregoing, it is clear that plaintiff has received extensive and consistent

medical care in response to his many requests, and has been provided corrective lenses, dark

shades and a magnifying glass.  *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)

("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's

allegation of deliberate indifference.") (*citing Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th

Cir. 1993)).  Indeed, at an omnibus hearing held on November 26, 2007 pursuant to *Spears v.

McCotter,* 766 F.2d 179 (5th Cir. 1985), plaintiff admitted that he currently has glasses, dark

shades and a magnifying glass, but that they are not good enough for his needs.  In response to

the motion for summary judgment, plaintiff concedes that he has received medical treatment,

including numerous pairs of glasses and magnifying glasses, but that they are not adequate.  And

in his request for relief, plaintiff is seeking that defendants be required to provide him with the

prescription for low vision aids that had been prescribed to him by UMMC.

Thus, it is clear that plaintiff simply disagrees with the treatment he is receiving or, at

most, claims that the care he is receiving is negligent.  This is not enough to state an Eighth

Amendment claim, under the above-cited authorities.  *See also Abdul-Matiyn v. New York State

Dep't of Correctional Servs., Inc.*, 871 F.Supp. 1542, 1548 (N.D.N.Y. 1994), *aff'd*, 66 F.3d 309

(2d Cir. 1995) (holding that defendants' decision not to order tinted glasses requested by

plaintiff, which he claimed he needed as a result of his eye condition, did not violate the

constitution because this "is a classic example of a matter for medical judgment.") (*citing Estelle*,

429 U.S. at 107).  Accordingly, this claim must be dismissed.

<u>Deprivation of Property/Denial of Due Process</u>[3]

In response to the motion for summary judgment, plaintiff appears to be claiming that the defendants' confiscation of his low-vision aids upon his arrival at SMCI violated his due process rights.  Plaintiff also alleges in his complaint that defendants took other items, such as a prayer hat, a pen, and a radio.  In his request for relief, plaintiff seeks the return of these allegedly confiscated items.

It is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Numerous Fifth Circuit cases have upheld dismissal of prisoners' suits for property deprivation because of the availability of state law remedies.  *See*, *e.g.*, *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996) (*per curiam*); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).  Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property.  *See*, *e.g.*, Miss. Code Ann. § 11-38-1 *et seq.* (claim and delivery); Miss. Code Ann. § 11-37-101 *et seq.* (replevin).  It is plaintiff's burden to establish

---

[3] Although defendants have not moved for summary judgment on this claim or the claims addressed below, the court is nevertheless authorized to address and dispose of them on their merits. Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious."  *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim).  "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous."  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

that these post-deprivation remedies are not adequate.  *Myers*, 97 F.3d at 94-95 (citations

omitted).  Plaintiff has failed to allege, must less provide any evidence, that these remedies are

not adequate.  Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies

for civil IFP litigants satisfy due process."  *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994).

Thus, plaintiff's remedy lies not in a Section 1983 action, but in a tort claim under state law.

Retaliation Claim

      Plaintiff has not raised a specific claim of retaliation, but in his request for relief in his

complaint, plaintiff seeks injunctive relief prohibiting retaliation for the filing of this lawsuit.

This request must be denied, as it is based on mere speculation.  Plaintiff has not alleged that

retaliation has been threatened.  *Stevens v. Heard*, 674 F.2d 320, 324 (5th Cir. 1982) (citation

omitted); *see also Grice v. Blanco*, 2007 WL 2908826, at * 14 (W.D. La. July 18, 2007)

(dismissing claim for injunction against retaliation where "[p]laintiff has not alleged facts to

suggest that he has been or will foreseeably be a victim of retaliation.").

Americans with Disabilities Act/Rehabilitation Act Claims

      Plaintiff also brings claims under the Americans with Disabilities Act, 42 U.S.C. § 12101

*et seq*. ("ADA") and the Rehabilitation Act, § 504, 29 U.S.C. § 794.  Specifically, plaintiff avers

in his complaint that he has requested to have meals brought to him in his housing unit at SMCI,

but defendants have refused.  At the omnibus hearing held on November 26, 2007, plaintiff

alleged that he was being excluded from certain educational programs, was denied legal

assistance, and was not allowed to participate in outdoor recreational activities (all at SMCI)

because of his eye condition.  Finally, plaintiff also appears to be claiming that the

ADA/Rehabilitation Act were violated by the alleged denial of medical care for his eye

condition.  As relief, plaintiff seeks various forms of injunctive relief, as well as punitive damages.

 Punitive damages are not allowable under either the ADA or the Rehabilitation Act.  *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *see also Pitre v. David Wade Correctional Ctr.*, 2008 WL 466160, at * 4 (W.D. La. Feb. 14, 2008).  Accordingly, any claims for punitive damages must be dismissed.

The only other relief sought by plaintiff on his ADA/Rehabilitation Act claims relates to the alleged discrimination he suffered while an inmate at SMCI.  As noted earlier, however, plaintiff is no longer incarcerated at SMCI and, therefore, such injunctive relief - at least with respect to defendants Ronald King, James Brewer, Daniel Paff, Hubert Davis and Vivian Hoeflich, whom plaintiff alleges are SMCI employees - must be denied as moot.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive relief becomes moot when inmate leaves the complained-of facility) (citations omitted); *Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot); *Pitre*, 2008 WL 466160, at * 3 (dismissing as moot plaintiff's claims for injunctive relief under the ADA because he transferred to another prison after filing the      complaint); *see also Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (holding that prisoner's claims against defendants employed by his former correctional facility moot because "[t]he actions required by an injunction would be impossible for

those...defendants to execute; their authority and power is limited solely to [the institutions where they are employed], and any injunctive relief would necessarily be directed at...[plaintiff's current institution].").  Moreover, "any suggestion of relief based on the possibility of transfer back to [SMCI] is too speculative to warrant relief." *Herman*, 238 F.3d at 665 *(citing Bailey v. Sutherland*, 821 F.2d 277, 279 (5th Cir. 1987); *see also Pitre*, 2008 WL 466160, at * 3.  Thus, plaintiff's claims for injunctive relief against defendants King, Brewer, Paff, Davis and Hoeflich must be dismissed.

As for defendant Epps, because  he is Commissioner of the MDOC, of which plaintiff is still in custody, it is not necessarily the case that all of plaintiff's requests for injunctive relief are automatically moot, since Mr. Epps "has authority over the entire MDOC and an injunction against [him] would have effect no matter where in the MDOC system [plaintiff] is incarcerated."  *See Randolph*, 253 F.3d at 345-46.  Plaintiff is seeking the following injunctive relief with respect to Mr. Epps:  that "MDOC Officials" be required "to provide in writing clear and comprehensive national mandates for eliminating the continual and on-going discrimination against Plaintiff's Disability" and that "MDOC officials" be required "to provide the Plaintiff with the proscription of low vision aids that was prescribed by the University Medical Center in Jackson, Miss. and the MDOC Medical."[4]

With respect to the first claim for injunctive relief, the "continual and ongoing discrimination" allegedly occurred at SMCI, and as plaintiff is no longer an inmate there,

_____

[4] The remainder of the injunctive relief requested by plaintiff is explicitly directed at the other defendants.

under the above-cited authorities that request is moot.  As for plaintiff's request regarding

the return of the low vision aids, it is unclear whether this relief is being sought with

respect to plaintiff's ADA/Rehabilitation Act claims, or whether it is being sought with

respect to his Eighth Amendment claim.  At any rate, like the Eighth Amendment, the

ADA does not create a remedy for medical malpractice, and is "not violated by a simple

failure to 'attend to the medical needs of its disabled prisoner.'" *Woods v. TDCJ*, 2008

WL 189562, at * 12 (S.D. Tex. Jan. 18, 2008) (*citing Bryand v. Madigan*, 84 F.3d 246,

249 (7th Cir. 1996)); *see also Caldwell v. Quarterman*, 2007 WL 4335465, at * 7 (N.D.

Tex. Dec. 12, 2007) ("The inadequate medical treatment of a disability is insufficient to

provide a basis for liability under the ADA.") (citations omitted). As discussed above

with respect to plaintiff's Eighth Amendment claim, plaintiff has been treated for his eye

condition on a regular basis, and is currently in possession of a magnifying glass, as well

as other "low vision aids"; plaintiff merely disagrees with the treatment he has been

provided.  Thus, this claim should be dismissed.[5]

CONCLUSION

For the reasons stated above, this court finds that defendants' motion for summary

judgment should be granted and, further, that based upon its *sua sponte* evaluation of plaintiff's

complaint pursuant to 28 U.S.C. § 1915(e)(2)**,** that all of plaintiff's claims should be dismissed

with prejudice.

IT IS , THEREFORE, ORDERED AND ADJUDGED that defendants' motion for

---

[5]  Jurisprudence interpreting either Title II of the ADA or Section 504 of the Rehabilitation Act is applicable to both. *Hainze v. Richards*, 207 F.3d 795, 799 (5ᵗʰ Cir. 2000) (citation omitted).

11

summary judgment [49] is granted and plaintiff's claims against all defendants are dismissed with prejudice.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions,[6] if any, are dismissed as moot.

SO ORDERED AND ADJUDGED on this the 27th day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[6]   As this opinion was being prepared, plaintiff filed a Motion [57] requesting court assistance. Plaintiff complains that the inmate legal assistance program is not adequate and has caused him to make "errors" in this case.  The alleged errors are not identified, nor does plaintiff identify any additional information he desires the court to consider.  He also requests counsel and various aids to assist him in responding to the defendants' motion for summary judgment. However, on February 19, 2008, plaintiff filed a 46-page response to the motion after first having obtained an extension of time to do so.  Thus, that portion of the request appears moot.  Additionally, the court has addressed and denied at least three other motions for appointment of counsel.  The last such motion was denied on December 17, 2007.  *See* docket [42].  In its order, the court stated its reasons for denying the request and those reasons have not changed.  Plaintiff appeared at an omnibus hearing in this matter, and the court personally observed him in open court and interacted with him and found that he was fully capable of presenting his position in this matter, even with his visual limitations.